1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONNELL BLEDSOE,                    No.  2:24-cv-0451 DAD AC PS

12            Plaintiff,

13       v.                             ORDER and

14   KATY E. JACOT, et al.,             FINDINGS AND RECOMMENDATIONS

15            Defendants.

16

17        Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

18   undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

19   pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C.

20   § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

21                              **I. Screening**

22        A.     Legal Standard

23        The federal IFP statute requires federal courts to dismiss a case if the action is legally

24   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A

26   claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

27   Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

28   (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

                                         1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff sues defendants Katy E. Jacot, a Court Commissioner in San Joaquin County; Mark E. Thiel, an attorney; the Superior Court of California in San Joaquin County; and Pearlie Bledsoe Townes.  ECF No. 1 at 2-3.  Plaintiff asserts jurisdiction based on the presence of federal questions and identifies 42 U.S.C. §1983 and 18 U.S.C. § 242 as the federal statutes at issue in this case.  ECF No. 1 at 3-4.  Plaintiff's complaint stems from a state court unlawful detainer

action.  Id. at 6-7.  Plaintiff alleges that an eviction notice was taped to the fence with malicious intent to embarrass him.  Id. at 7.  Plaintiff alleges that he was not properly served the eviction notice in accordance with state law, which is a basis for his claim under the penal code.  Id.  He alleges further that attorney Thiel committed various forms of misconduct in litigation of the unlawful detainer matter.  Id. at 11-12.  Plaintiff alleges that Pearlie Townes improperly relinquished her duties as executor of their fathers' will, and this was also a violation of the penal code.  Id. at 8.  He further alleges that Townes committed perjury in the course of the eviction process.  Id. at 9.

Plaintiff states that he notified Commissioner Jacot that he is "King of the South 33 Degrees have Crown Sovereign Immunity," and as such he is immune from civil lawsuits, but Jacot ignored this notice.  Id. at 10.  Plaintiff asserts attorney Mark Thiel made a procedurally improper filing in state court before the hearing, and that Thiel and Jacot conspired to take plaintiff's property illegally in violation of 42 U.S.C. 1983 and 18 U.S.C. § 242.  Plaintiff argues that the eviction was not handled in accordance with California's unlawful detainer laws.  Id. at 13-14.

C. Analysis

This complaint must be dismissed, for several reasons.  First, plaintiff cannot pursue a lawsuit against Commissioner Katy Jacot because she is absolutely immune from suit insofar as she was acting as a judge.  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991).  Judicial immunity is overcome only when a judge's actions are either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity, Forrester v. White, 484 U.S. 219, 227–29 (1988), or (2) taken in the complete absence of all jurisdiction, Stump v. Sparkman, 435 U.S. 349, 356–57 (1991).  Plaintiff does not make any allegations which would take the challenged actions of defendant Jacot outside the scope of absolute judicial immunity.  To the contrary, the allegations against her all involve actions taken in the course of adjudicating matters related to the unlawful detainer matter.

////

3

Second, plaintiff cannot sue the Superior Court because state courts are arms of the State which are entitled to sovereign immunity under the Eleventh Amendment.  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).

Third, the criminal civil rights statute, 18 U.S.C. § 242, does not provide a private cause of action.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."  Clinton v. Jones, 520 U.S. 681, 718 (1997).  Neither the Federal Criminal Code nor the California Penal Code establish any private right of action or can support a civil lawsuit.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).

Fourth, to the extent plaintiff presents putative civil rights claims under 42 U.S.C. § 1983, those are barred as to Jacot and the San Joaquin County Superior Court for the reasons already explained.  As to defendants Thiel and Townes, the complaint fails to state a claim.  First, the statute reaches only actions taken "under color" of state law and thus does not generally apply to private persons.  See Taylor v. First Wyo. Bank, N.A., 707 F.2d 388, 389 (9th Cir. 1983) (action under color of state law normally consists of action taken by a public agency or officer); see also Brunette v. Humane Soc'y of Ventura County, 294 F.3d 1205, 1209 (9th Cir. 2002) (discussing limited circumstances in which a private person can be liable under Section 1983).  Neither attorney Thiel's alleged improper service of an eviction notice and participation as counsel in the eviction proceedings, nor defendant Townes's alleged violation of her duties as executor of a will and participation in the eviction proceeding, demonstrate action under color of state law.  Plaintiff's allegations of a conspiracy between these private defendants and Commissioner Jacot are both conclusory and implausible, and cannot support the essential element of state action.  Neither do the alleged actions of Thiel or Townes amount to violations of plaintiff's federal constitutional rights, which is also an essential element of a § 1983 claim.  Even construed with utmost liberality, plaintiff's allegations fail to state a claim for relief.

Fifth, all putative claims arise from state court proceedings in which this federal court may not interfere.  It appears likely that the unlawful detainer action remained pending at the time the

4

federal complaint was filed.  The events described begin with an eviction notice and end with a demurrer hearing.  See ECF No. 1 at 6-11.  The federal complaint, which itself reads in substantial part as a demurrer motion, alleges that the demurrer hearing was held in San Joaquin County Superior Court on December 29, 2023.  Id. at 10.  The federal complaint was filed approximately six weeks later, on February 12, 2024.  Assuming that the unlawful detainer case was still pending at the time this complaint was filed, the doctrine of Younger abstention would apply.  See Younger v. Harris, 401 U.S. 37, 43-45 (1971).  This doctrine prohibits a federal court's interference with an ongoing state court case where the "pending state proceeding… implicates important state interests and provides the federal plaintiff with an opportunity to raise federal claims."  Baffert v. California Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003).  Courts have regularly found Younger abstention appropriate where plaintiffs challenge eviction and unlawful detainer actions.  See, e.g., Penden v. Tariq Zaman, No. 2:23-cv-2165 KJM KJN, 2024 U.S. Dist. LEXIS 20137 at *3, 2024 WL 418648 (E.D. Cal. Feb. 5, 2024); Contreras v. MTC Fin., Inc., 2010 U.S. Dist. LEXIS 136795, 2010 WL 5441950, at *1 (N.D. Cal. Dec. 28, 2010); Wadhwa v. Aurora Loan Servs., LLC, No. 2:11-cv-1784 KJM KJN, 2011 U.S. Dist. LEXIS 73949, 2011 WL 2681483, at *3 (E.D. Cal. July 8, 2011).  Because Younger applies, this court is divested of jurisdiction to hear any part of the action and the case must be dismissed.  Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988).  This result is required even if the unlawful detainer action concluded after the filing of the federal complaint.  Id.[1]

       For all these reasons, the complaint must be dismissed.  Leave to amend is not appropriate because amendment would be futile.  See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.

---

[1]  Alternatively, if the unlawful detainer action had concluded prior to filing of the federal complaint, this court's consideration of the matter would be barred by the Rooker-Feldman doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The Rooker-Feldman doctrine "stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments."  Carmona v. Carmona, 603 F.3d 1041, 1050-51 (9th Cir. 2010).  The doctrine prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

1    Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, the

2    court need not allow futile amendments).  No amendment could overcome the immunities that

3    shield the Superior Court and Commissioner Jacot from suit as a matter of law.  Nor could

4    amendment cure plaintiff's failure to state a claim against defendants Thiel and Townes.  The

5    gravamen of the complaint is plaintiff's unhappiness with being evicted, and with the conduct of

6    those he holds responsible for his eviction, none of which presents any conceivable federal

7    question.  And this court is prohibited from interference with ongoing unlawful detainer actions

8    or final state court judgments.  Accordingly, the complaint should be dismissed without leave to

9    amend.

**II. Additional Motions**

11    Plaintiff filed two "motions to stay on bench trial," which appear to seek a stay of

12    proceedings.  ECF Nos. 4 and 5.  It is unclear to the undersigned whether plaintiff seeks a stay of

13    this federal case or seeks a stay of ongoing proceedings related to the state court unlawful

14    detainer action.  Id.  In any event, no bench trial has been set in this case and plaintiff identifies

15    no basis upon which this court could or should interfere with any ongoing proceedings in state

16    court.[2]  The motions are denied.

**III.  Pro Se Plaintiff's Summary**

18    You are being granted in forma pauperis status and do not have to pay the filing fee.

19    However, your motions to stay are denied because (1) it is not clear what you are asking for, (2)

20    there is no bench trial scheduled in this court, and (3) this court cannot stay proceedings in

21    another court.  The Magistrate Judge is also recommending that the District Judge dismiss this

22    case, for several reasons.  Most importantly, state courts and judges cannot be sued in federal

23    court.  Also, federal courts cannot interfere in ongoing state court cases or overturn state court

24    decisions.  And the things that you say Mr. Thiel and Ms. Townes did to you do not violate

25    federal law.  If you disagree with this recommendation, you may file objections within 21 days.

---

27    [2]  In the event any proceedings related to the unlawful detainer case remain pending in state court,
this court would be obliged to abstain from taking any action.  See Younger v. Harris, 401 U.S.
28    37 (1971).

1

### IV.  Conclusion

2    The court ORDERS that the motion to proceed IFP (ECF No. 2) is GRANTED and that

3    the motions to stay (ECF Nos. 4 and 5) are DENIED.

4    Further, the undersigned RECOMMENDS that the complaint (ECF No. 1) be

5    DISMISSED with prejudice because it fails to state a claim upon which relief can be granted and

6    because it brings claims against immune defendants.

7    These findings and recommendations are submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

9    after being served with these findings and recommendations, plaintiff may file written objections

10    with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document

11    should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure

12    to file objections within the specified time may waive the right to appeal the District Court's

13    order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153,

14    1156-57 (9th Cir. 1991).

15    DATED: May 20, 2024

16    
    _____

17    ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28